MACHEN v. WESTERN UNION TELEGRAPH CO.

1. PLEADINGS—CORPORATIONS.—It is not necessary to allege the State in which a defendant is incorporated.

2. IBID.—NEGLIGENCE—DAMAGES.—Under the acts of 1898, in an action *ex delicto,* there is no necessity to separate allegations setting up actual and punitive damages, and the complaint here held to state with sufficient definiteness which acts were done without due care, and which were done wilfully, wantonly, carelessly, recklessly, or in gross negligence.

Before GAGE, J., Laurens, October, 1901.    Reversed.

Action by J. S. Machen against Western Union Telegraph Co. From order on motion to make complaint more definite, both parties appeal.

*Messrs. Simpson & Cooper,* for plaintiff, appellant, **cite**: *Our appeal from this order is proper:* 26 S. C., 423; 32 S. C., 102; 36 S. C., 559; 49 S. C., 327. *Under 22 Stat., 693, it is not necessary to state facts separately relied on to support actual and punitive damages:* 61 S. C., 170. *Corporation under any other State or country may be sued here:* Code, 423.

*Messrs. Cothran & Cothran,* for defendant, appellant, cite: *Order not appealable until after final judgment:* Code, 11; 52 S. C., 584; 8 S. C., 112; 11 S. C., 122; 47 S. C., 28; 42 S. C., 547; 36 S. C., 174, 562. *For acts of omission punitive damages are not awarded:* 18 A. & E. R. R. Ca. (N. S.), 231. *It is a contradiction to say that an act was done both negligently and wilfully:* 61 S. C., 170. *The act of 1898 does not contemplate the commingling of inconsistent causes of action:* 55 S. C., 90; 42 S. C., 114; Bliss Code Pl., sec. 122; End. Int. Stat., 407; Rev. St. U. S., sec. 5538; 13 Pet., 496; 42 Fed. R., 23. *Rule as to alleging corporate existence is different in different States:* 14 S. C., 53; 5 Ency. P. & P., 75.

April 7, 1902.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The plaintiff demands judgment for $1,990 against the defendant for failure to deliver a certain telegram to him at Laurens, S. C.   The complaint describes the delict as follows:

"1. That the defendant is, and at the times herein stated was, a corporation duly chartered and organized under the laws of one of the States of the United States, and as such is engaged in the business of telegraphy in the towns of Honea Path, S. C., and Laurens, S. C., in which two places it has an office, agent and employee, which places are connected through other offices of the defendant corporation by means of the telegraph wires owned and controlled by the defendant, and as such corporation has the power to sue and be sued in the Courts of this State.

"2. That the business of the said telegraph company is for a pecuniary consideration to transmit messages for the public and for persons applying for such service over its wires from one place to another and to deliver the same to the party addressed and for the use and benefit of the parties in interest with as little delay as possible.

"3. That the plaintiff is, and at the times herein stated was, a citizen of the State of South Carolina, residing in the city of Laurens, in said State, where he has been living for several years and well known to all its citizens.

"4. That on August 14th, 1901, the plaintiff's father, H. L. Machen, sr., who resided at Princeton, S. C., died, and on the same day the following prepaid message was delivered to the defendant company at Honea Path, S. C., by H. L. Machen, jr., brother of plaintiff, for the purpose of transmission over its wires and delivery to the plaintiff at Laurens, S. C., to wit: 'Honea Path, S. C., August 14, 1901.   To J. S. Machen, Laurens, S. C.   Father died to-day at 12.   H. L. Machen,' and the defendant for such purpose received said message.

"5. That the said message was received at the office of the defendant company at Laurens. S. S., at about 5.30 o'clock

P. M. on the said 14th day of August, 1901, and notwith-
standing the importance of the message of which the defend-
ant had notice, the same, through the gross negligence,
wantonness, carelessness and reckless mismanagement of the
defendant, was not delivered to the plaintiff by the defend-
ant, but was some time thereafter left at the Ben Della Hotel,
at Laurens, S. C., enclosed in an envelope, whereon, by rea-
son of the gross negligence and carelessness of the defendant,
the name of the plaintiff was not properly written, which
could easily have been done because the plaintiff's name was
correctly written in the body of the message.

"6. That on the said 14th day of August, 1901, the plain-
tiff was at his usual place of business in the city of Laurens,
and if the said message had been delivered to him upon its
receipt at Laurens, S. C., as it was the duty of the defendant
to deliver it, he would have reached and would have gone to
his father's home before dark of the said date and before the
rain storm of that evening, and been with his mother, broth-
ers and sisters much sooner in this time of his and their sad
bereavement.

"7. That because of the gross negligence, carelessness,
wantonness and reckless mismanagement of the defendant
company in not properly delivering said message to the plain-
tiff, he did not receive the news of his father's death until 9
o'clock of the evening of the said 14th day of August, 1901,
and immediately thereafter he started across the country to
his father's home, a distance of eighteen miles; but in conse-
quence of a severe rain storm late in the evening of the said
date, the streams necessary to be crossed in going from the
home of the plaintiff to his father's home at Princeton, S.
C., were so full of water that he was greatly delayed and
compelled to remain on the banks of Rabun Creek, one of the
said steams, the whole of the night, exposed to the inclem-
ency of the weather, and suffered great mental anguish and
pain by reason of the delay in reaching his father's home,
where he could have had the sympathy and consolation of his
mother, brothers and sisters in his and their great affliction,

and by reason of his anxiety to be with them and to render them such comfort and help as he could under the circumstances, and also from the fear of his inability to reach his father's home before the funeral, all of which was caused by the gross negligence, wantonness, carelessness and reckless mismanagement of the defendants in failing to deliver the said message to the plaintiff, to the damage of the plaintiff $1,900.

"8. That by reason of the gross negligence, carelessness and reckless mismanagement of the defendant in failing to deliver the said message, the plaintiff was made to suffer great anguish of mind, to his damage $1,900.

"9. That on August 19th, 1901, the plaintiff through his attorneys made a written demand upon the defendant for settlement of his claim for damages.

"Wherefore, the plaintiff demands judgment against the defendant for the sum of $1,900 damage and for the costs of this action."

As soon as defendant was served with the summons and complaint herein, it caused the following notice to be served upon plaintiff's attorneys as follows, omitting the caption: "To Messrs. Simpson & Cooper, plaintiff's attorneys: Take notice: That the defendant will move before his Honor, Judge Gage, at chambers, at Union, S. C., on Wednesday, September 25th, 1901, at 8 o'clock P. M., for an order: (1) Requiring the plaintiff to make the first allegation of the complaint herein more definite by alleging under the laws of what State the defendant is incorporated. (2) Requiring the plaintiff to state separately his alleged causes of action based upon ordinary negligence and wilful tort respectively. (3) Requiring the plaintiff to make his complaint more definite and specific by setting out the acts constituting wantonness and reckless mismanagement upon which his claim for punitive damages is predicated."

The hearing of this motion was postponed by the parties until the 7th October, 1901, at which date it was heard and the Circuit Judge filed the following order, omitting the cap-

tion: "This is a motion by the defendant on the grounds set out in the notice. The first ground cannot be sustained, for the defendant is capable of being sued if incorporated by any one of the States of the Union. It would have been better practice to charge that the place of the defendant's incorporation was unknown to the plaintiff. No authority on this question was cited by either side.

"Nor can the second ground be sustained, to wit: 'that plaintiff state separately his causes of action based on ordinary negligence and wilful tort respectively.' This is an action *ex delicto* for actual and for punitive damages; the act of 1898 declares that the plaintiff in such case shall not be required to make a separate statement. The act does not refer to a cause of action, but it manifestly refers to the separate statement of causes of action, because there can only be elections where there are two causes of action.

"The third ground is sustained. The action is for damages claimed by the plaintiff for (1) the negligence of defendant, (2) for the wilful conduct of the defendant. A complaint based on negligence must always set out the facts from which a want of due care is inferable. So a complaint based on the wilful conduct of a defendant must set out the facts from which such wilfulness is inferable, and must also charge the intent. The plaintiff should allege the acts of omission or commission of the defendant, and allege further which of these was done without due care and which was done wilfully. The allegations should be made specifically and separately, for it is inconsistent to allege in one sentence that the same act was done without due care and with wilfulness, too. *Proctor v. R. R.*, 61 S. C., 170. It is so ordered, and let the amended complaint be served ten days next after filing of this order."

Both plaintiff and defendant appeal. The plaintiff because the Circuit Judge granted the order on the third ground, and the defendant because the Circuit Judge refused to sustain the first and second grounds of its motion. We will briefly refer to these grounds of appeal.

We agree with the Circuit Judge that there is no merit in the defendant's first ground, relating to the failure of the plaintiff to allege in what State the defendant was incorporated. Its corporate name is set out, and further, that it enjoys itself as a corporation. Let this ground of appeal be reversed.

We agree with the Circuit Judge that in actions *ex delicto,* under the act of the General Assembly passed in 1898, that there is no necessity to separate allegations setting up actual and punitive damages. This ground of appeal is reversed.

But the most serious question underlying the matters of appeal herein, is that of the plaintiff wherein he imputes error to the Circuit Judge in ordering him to make his complaint more definite and certain by alleging the acts of omission or of commission by the defendant, which are relied on by the plaintiff both in his demand for actual damages as well as in his demand for punitive damages. It seems to us that when the plaintiff's complaint is analyzed it appears :

1. That plaintiff had a known place of business in the city of Laurens.

2. That his name was well established as J. S. Machen.

3. That on the 14th day of August, 1901, the plaintiff's father died in the village of Princeton, S. C., a distance of eighteen miles from the city of Laurens, S. C.

4. That the brother of the plaintiff, from Honea Path, S. C., a station on the C. & G. R. R., on the afternoon of the 14th August, 1901, sent the following telegram to the plaintiff : "Honea Path, S. C., August 14th, 1901. To. J. S. Machen, Laurens, S. C. Father died to-day at 12. H. L. Machen."

5. That the foregoing telegram reached Laurens, S. C., about 5.30 o'clock P. M.

6. That said telegram was not delivered to the plaintiff at his place of business in the city of Laurens.

7. That the said telegram was placed in an envelope and left at the Ben Della Hotel, in the city of Laurens, and was

not directed in the name of J. S. Machen, although the telegram itself showed that J. S. Machen was the addressee.

8. That the plaintiff only received the telegram at 9 o'clock at night on the 14th of August, 1901, being delayed in its delivery for three hours and a half.

9. That the failure to deliver the telegram by the defendant was a violation of its duty to deliver telegrams to the parties addressed with as little delay as possible, the defendant being a common carrier for hire in this instance.

10. That defendant's delay in delivering this telegram was the result of the negligence of the defendant by not properly indorsing plaintiff's address upon the envelope containing the message left by the defendant at the Ben Dela Hotel, as well as not seeking him at his place of business.

11. That the defendant's failure to deliver the telegram in question to the plaintiff arose from its gross negligence, wantonness, carelessness and reckless mismanagement.

12. That by reason of such gross negligence, wantonness, carelessness and reckless mismanagement by the defendant, the plaintiff was caught in a rain storm which caused the streams to rise, especially the Rabun Creek, so that the plaintiff was kept out all night on the banks of said Rabun Creek, without being able to cross the stream until after daylight, thereby not only subjecting him to great physical annoyance but also causing him to suffer mental anguish.

13. That the contents of the telegram itself imported the necessity of prompt delivery.

14. That other particulars are alleged as disclosed by the complaint herein.

Under these circumstances, it seems to us that the plaintiff in his complaint plainly points out by the facts alleged in the complaint his supposed cause of action against the defendant to apprise said defendant the case he had to meet. Now, this is not a demurrer, and we are not, therefore, called upon to say whether a good cause of action is stated, for, as to this matter, we expressly refuse to express an opinion one way or the other. What we mean by what we say is, that we pro-

24—63

pose to confine ourselves strictly to the motion as it was made before Judge Gage. We have no complaint as to the law relied upon by the Circuit Judge in the abstract, but we do think he erred in holding that such law applied to this case. We hold that the complaint by its allegations of fact is already sufficiently definite. This being our conclusion, we must sustain plaintiff's appeal.

It is the judgment of this Court, that the order of Judge Gage, wherein he holds plaintiff's complaint not sufficiently definite and certain, be reversed, and that the action be remitted to the Circuit Court for a hearing.